**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4701-15T3

VINCENT MARK RICCORDELLA,

      Appellant,

v.

BOARD OF REVIEW,
and INTERNATIONAL FIDELITY
INSURANCE COMPANY,

      Respondents.

_____

Submitted July 5, 2017 — Decided July 21, 2017

Before Judges Simonelli and Carroll.

On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 047455.

Vincent Mark Riccordella, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Emily M. Bisnauth, Deputy Attorney General, on the brief).

Sills Cummis & Gross P.C., attorneys for respondent International Fidelity Insurance Company (Galit Kierkut, of counsel and on the brief; Grace A. Byrd, on the brief).

PER CURIAM

Appellant Vincent Riccordella appeals from a May 23, 2016 final decision of the Board of Review (Board), dismissing as untimely his appeal of an Appeal Tribunal decision that he denies receiving. We reverse and remand to the Board with direction to decide the merits of appellant's claim.

Riccordella was employed by respondent International Fidelity Insurance Company (IFIC) from January 2009 to March 2014, last holding the title of Senior Vice President and Chief Financial Officer. After IFIC terminated his employment, Riccordella filed for unemployment benefits. On February 13, 2015, the Deputy Director of the Division of Unemployment and Disability Insurance found Riccordella was discharged by IFIC for committing theft by deception and consequently he was disqualified for benefits due to gross misconduct connected with the work.

Riccordella timely appealed to the Appeal Tribunal. A hearing on the appeal was postponed for good cause twice by IFIC due to the unavailability of its sole witness, and once because of Riccordella's unavailability. A telephonic hearing was eventually conducted on July 17, 2015, at which Riccordella appeared and IFIC did not.[1] In its July 20, 2015 decision, the Tribunal reversed the Deputy's determination, and held that Riccordella was not

---

[1] We note that the transcripts of the Appeal Tribunal hearings have not been provided to us.

A-4701-15T3

liable to refund the $4452 in benefits he had received. The Appeals Examiner concluded that:

> [I]nsufficient evidence was presented at the hearing to establish that [Riccordella] acted in a manner which was either a crime or against the interests of his employer. As [Riccordella] gave no self-incriminating testimony and indicated that all legal claims made by [IFIC] based on his actions have been dismissed, the Tribunal does not find there to be sufficient proof to establish that [Riccordella] committed any infractions which would amount to misconduct connected with the work. Therefore, no disqualification arises under N.J.S.A. 43:21-5(b) as [Riccordella] was not discharged for misconduct connected with the work.

The Examiner also noted that IFIC "received, but failed to follow, the instructions provided for participating in the hearing and called the Tribunal both after the scheduled start of the hearing and after the hearing had been closed because they had forgotten about the time of the hearing." Consequently, the Tribunal determined that IFIC did not establish good cause for failing to participate in the hearing.

IFIC appealed the Tribunal's decision by letter dated August 5, 2015. IFIC explained that its witness was prepared to testify to Riccordella's purported misconduct, but misunderstood the instructions that required her to call in prior to the hearing. IFIC further contended that the Tribunal failed to consider written documentation it had previously submitted and about which its

witness was ready to testify. On February 4, 2016, the Board found good cause for IFIC's failure to participate in the July 17, 2015 hearing, and remanded the case to the same Appeals Examiner for a new hearing at which IFIC and Riccordella would both participate.

On March 1, 2016, the Appeal Tribunal adjourned the rehearing, again because IFIC's witness was unavailable. On March 31, 2016, the Tribunal conducted the rehearing telephonically, during which Riccordella, IFIC, and IFIC's counsel participated. By decision mailed on April 7, 2016, the Appeals Examiner found that Riccordella was involved in multiple financial transfers of IFIC's funds that lacked a legitimate purpose and constituted the criminal offense of theft by deception. Accordingly, the Tribunal found that Riccordella was disqualified for unemployment compensation benefits for gross misconduct connected to the work, pursuant to N.J.S.A. 43:21-5(b), and he was liable to repay benefits he had already received. The Tribunal's decision included a notice setting forth the procedure to appeal within twenty days.

In this appeal, Riccordella asserts that he did not receive the Tribunal's April 7, 2016 decision. On May 8, 2016, after the appeal period expired, he wrote to the Board requesting that his benefits be restored. On May 11, the Board filed Riccordella's letter as an appeal of the Tribunal's decision. In a May 23, 2016

decision, from which this appeal is taken, the Board found that no good cause was shown for the late filing, and dismissed the appeal as untimely.

On appeal, Riccordella argues he was denied due process because he did not receive notice of the Appeal Tribunal's adverse decision. Consequently, he did not have the opportunity to be heard as to the merits of his appeal, which, he contends, included IFIC's failure to prove the allegations of misconduct both before the Tribunal and in a related civil action between the parties. He also argues that the Board's decision was arbitrary, capricious, and unreasonable since it had previously found good cause to remand the matter to the Appeal Tribunal when IFIC admittedly received notice of the Tribunal hearing date but "simply forgot" to attend.

N.J.S.A. 43:21-6(c) directs that:

> The parties shall be duly notified of [an appeal] tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision of the board of review, unless further appeal is initiated . . . within [twenty] days after the date of notification or mailing of such decision[.]

In Rivera v. Board of Review, 127 N.J. 578, 590 (1992), the Supreme Court established that, in certain circumstances, a "good cause" exception to the time limitation on filing unemployment compensation appeals should be employed. Subsequently, the Board promulgated a regulation establishing the factors to be considered

in determining good cause. N.J.A.C. 12:20-4.1(h). That regulation provides:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

In the present appeal, IFIC and the Board contend that Riccordella's May 8, 2016 letter evidences knowledge of the April 7, 2016 Appeal Tribunal's decision and was thus intended as an appeal of that decision. We agree that is one possible interpretation. However, we are unable to discount the alternative interpretation, urged by Riccordella, that in sending the letter he demonstrated diligence in pursuing his rights and frustration by the delay in receiving the Tribunal's determination as well as the entire appeal process. Moreover, based upon the record before us, both this matter and the related civil action between the parties appear to have been hotly contested. Throughout this proceeding, both Riccordella and IFIC evinced every intent to challenge any adverse ruling, thus rendering it unlikely that Riccordella would have failed to timely appeal the Tribunal's

A-4701-15T3

April 7, 2016 decision had he received it. Further, as Riccordella points out, the Board found good cause to reopen the proceedings and allow IFIC to be heard on the merits even though it admittedly had notice of the prior hearing but failed to timely participate, yet did not afford him a similar opportunity when his notice of the Tribunal's decision was not so readily apparent.

We therefore reverse the determination of the Board and remand for a decision on the merits of Riccordella's claim. On remand, the Board shall grant Riccordella a reasonable opportunity to present the merits of his claim, and allow IFIC a reasonable opportunity to respond.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4701-15T3